Last case for argument, Henneberger v. Ticom Geomatics, Ms. Ferdinand. Good morning. May it please the Court, Martha Ferdinand for Plaintiff Appellant Bernard Henneberger. In 1998, Bernard Henneberger joined five colleagues from Applied Research Labs and NASA to form a small business, Ticom. These engineers all started part-time, understanding from day one that they were taking on great risk for the potential of great reward. They dedicated themselves to building this company that would ultimately be sold, at which time they would share in the profits. Counsel, our time is short. What is the legal basis for a claim against GTCR? It appears to be at least two removes from Ticom, the asserted promisor. So what would be the legal basis for a claim against it? The legal basis is the alter ego theory, Your Honor. Mere continuation, we allege in our complaint... No, that would be a theory applicable if Ticom had been dissolved and its assets distributed. But I gather it's still an extant corporation, that this was an acquisition of the corporation and not of its assets. So in order to show liability for GTCR, you would have to go through the standard drill for piercing the corporate veil, showing that Ticom was just an empty shell of some kind. Then you'd have to do that at two levels, first to get to 6-3, and then to get to GTCR. And I can't see any argument in your brief along those lines. Well, that is a question of law. We believe that our allegations in the pleading, including the articles that Hanneberger included with his jurisdictional memorandum, stating that GTCR actively managed 6-3 because they received great tax benefits that way, shows that there was a unity of interest. That's not the Illinois standard for piercing the corporate veil. It's not remotely the Illinois standard. The Illinois standard for veil piercing includes assetless corporations and fraud. You haven't alleged that Ticom was assetless, and you haven't alleged that there was any fraud committed by Ticom while it was under GTCR's control. I mean, those are just the legal rules. I believe we did allege fraud. It's my understanding with the Smallwood case that instances in which piercing the pleadings may be appropriate to include cases where, for example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, or the party's residence was not as alleged. I'm now completely lost. I have no idea what pharmacists filling prescriptions has to do with corporate law doctrines about investor liability for corporations' contracts. GTCR is an indirect investor. It's the owner of 63, 63 purchases Ticom. So you're making an argument for investor liability for corporate contracts. And it seems to me if you're going to get anywhere, you have to rely on state cases about investor liability for corporate contracts, not anything having to do with pharmacists. Well, we would argue that it would be owner liability since they owned 63, which owned GTCR and then bundled them and sold them to another firm, to another company. But piercing the pleadings goes beyond the allegations in the complaint, and we would argue that that's an inappropriate role for the court. Wasn't there a question about diversity in GTR? The fraudulent joinder issue? Yeah. Yes. So fraudulent joinder, an out-of-state defendant who wants to remove, must bear a heavy burden to establish fraudulent joinder. The defendant must show that after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an active prediction. Is there any reasonable possibility that a state court would rule against the non-diverse defendant? And the stringent evidentiary burden that are removing defendant's shoulders and inducing proof of fraudulent jurisdiction sometimes is termed clear and convincing, the highest civil standard of proof. Haneberger's complaint shows that he has a possibility of recovery against GTCR. GTCR is alleged to have directly participated in the withholding of monies owed to Haneberger, acting as the alter ego of 6-3 and Tycom. Under Illinois law, there's no requirement that a plaintiff specifically plead an entity's liability via an alter ego theory. That's the Buckley case. And likewise, there's no requirement under federal rules of Civil Procedure 8 or 9 that alter ego liability be specifically pleaded. That's the Torres case. So to the extent that there may be any deficiency of pleading in Haneberger's allegations against GTCR, and we do not believe that there is, this actually weighs in favor of remand to state court, as it is a question of law, and in analyzing federal fraudulent joinder, a court must resolve all issues of fact and law in favor of the plaintiff. We also argue that the claim of fraudulent joinder in this case violates the common defense rule. It's clear from our allegations that GTCR was ultimately responsible for the decision to not pay Haneberger. So if it's decided that GTCR is not liable, that potentially negates the whole case. I'd also like to note that... Was there ever a written agreement about what he'd get? There was no written agreement. So it detrails all the way through this, and it keeps getting bigger and bigger, and he keeps thinking he's going to get some money. As did most of his colleagues who were made the same promises. I don't know how many. Did anybody get any money? Absolutely. Not him, though. Correct. Right. And as noted in the brief, a district court has the obligation to ensure that a pro se litigant, and Haneberger was pro se in the 2004 case, as well as this case. He did not retain counsel until after this appeal was filed, that a pro se litigant is given fair and meaningful consideration of all claims presented, and it's clear that liberal construction is to be given to a pro se plaintiff's pleadings. That's the Carruth case from this district, and this heightened judicial solicitude is justified in light of the difficulties of the pro se litigant in mastering the procedural and substantive requirements of the legal structure. Why shut down a pro se guy when there's so much validity to his case? The pro se rule is based on fairness and equity and allowing access to the system of justice. And then on the second issue, the district court, we believe the district court erred in ruling that it lacked personal jurisdiction as to the diverse defendants. The judgment in the previous case was procured through fraud, specifically documents on which Haneberger's initials have been quashed. Have you asked the rendering court to reopen that judgment? We did. We attached the motion for sanctions to the jurisdictional memorandum. I'm lost. Look, the rule in federal courts is that if you believe a judgment has been entered by fraud, you have to file a Rule 60 motion about that judgment in the court that rendered it. You cannot commence a collateral attack and argue to a different court that the first judgment was affected by fraud. What you're doing here seems to be the commencement of a collateral attack, asking a different district judge to conclude that the first judgment was affected by fraud. And that's just not allowed. It's really simple. Thank you, Your Honor. We did file the motion for sanctions at the district court level. I didn't ask whether you filed a motion for sanctions. I asked whether you filed in the rendering court a motion to reopen the judgment under Rule 60d-3. I believe that's the right subsection. We did not file a Rule 60d-3 motion. In any event, these accusations are not made lightly. We believe this is an issue that calls for an evidentiary hearing. We never had that. We understand our responsibility in demonstrating that these documents are fraudulent and will meet that burden if this issue is remanded on the motion for sanctions. Okay. Thank you, Ms. Ferdinand. Thank you. Ms. Madden. Thank you. May it please the court. My name is Darcy Madden, and I'm here arguing for the defendants today. As Your Honors correctly identified, the key issue in this case is fraudulent joinder. I think it would be a little bit helpful. There are some facts in the timeline that are helpful here. The plaintiff alleges that he worked in Texas from 1998 to 2008. He alleges that during the period 2000 to 2010, there were several occasions when he was orally made certain vague promises that if his Texas-based employer were ever sold, he would be given some indeterminate share of that company. The last of those promises, as I said, was allegedly made in 2010. GTCR, which for a brief period of time was the indirect corporate parent of Tycom, did not come into relationship with Tycom until 2012. So that's two years after these alleged promises were made. And GTCR was no longer in relationship with Tycom, even this indirect attenuated relationship when the first of these lawsuits was filed. This case has actually been before the Seventh Circuit before, you may have noticed in our brief. The plaintiff originally brought the case against the non-resident defendants, so the two individuals who reside in Texas who allegedly made him the promises, Tycom, Tycom's indirect parent company, 6-3, and 6-3's current parent company, Khaki International. That lawsuit was filed in Illinois. It was dismissed for lack of personal jurisdiction by the Southern District. That decision was affirmed by this court. Instead of filing in Texas where all of these things happened after that decision, the plaintiff added this frankly frivolous claim against GTCR. And there are multiple reasons why the plaintiff's alter ego claim against GTCR is not well founded. That argument is not well founded when made before this court. The first reason is, of course, that alter ego was never pleaded in the lower court. It's nowhere found in the complaint. When the district court judge invited the parties to brief the issue of fraudulent joinder, there was nothing said about alter ego below. Instead, the plaintiff alleged that GTCR was somehow a direct party to fraud because the plaintiff theorized that when GTCR sold Tycom and the other corporate entities to Khaki International in 2013, perhaps GTCR failed to disclose that obligation and somehow that made GTCR a party to fraud. So it had nothing to do with alter ego. And the court can frankly stop there. But there are further problems with the argument. Plaintiff's reply brief, by the way, doesn't dispute any of that. It simply says that subject matter jurisdiction can be raised at any time. And that is frankly an irrelevant proposition. Subject matter jurisdiction was made an issue below. What the plaintiff wants to do here is to recast its claims before the court of appeals, and that's something that it clearly can't do. In any event, even if you were to look at the question of fraudulent joinder as if it were preserved, it's very clear that GTCR was fraudulently joined. The Poulos case that comes out of this court is directly on point. And Poulos says that where the pleading makes clear that there's no reasonable possibility of recovery against a corporate defendant, it's entirely appropriate to find that that parent company that has been named is fraudulently joined. In that case, the plaintiff was a salesman who named his employer in a termination claim and alleged that the parent company controlled the employer, and the court found that based on that pleading there was just no chance that that claim was going to succeed. And we're in the same situation here. The plaintiff suggests that the standard is that we would have to be arguing that GTCR never actually owned the company, and that's, of course, not the standard. Even if you were to analyze alter ego theory, there's no chance, even if it were pleaded, that it would succeed. As Judge Easterbrook identified, the test for alter ego includes that there's such a unity of interest in ownership that the two separate entities no longer exist and that the fiction of separate corporations existing perpetrates a fraud. And there's just nothing to that in this case. Which state's law controls that question? The parties seem to be arguing Illinois law, but Tycom is a Texas corporation. Doesn't investor liability usually depend on the law of the state of incorporation? That's true, Your Honor. That's true, Your Honor. I think that you're right. I think it is. It would be Texas law. But that also points up another problem. The plaintiff is not just asking to dissolve the corporate distinctions between GTCR and 6.3. It's also asking to dissolve the distinctions between 6.3 and Tycom. And there's no basis for doing that. And in fact, the complaint alleges that GTCR and 6.3 and GTCR and Tycom are completely separate entities at this point, that they have nothing to do with one another. So the complaint itself disproves the allegation that all of these distinctions should be collapsed. Briefly, on the personal jurisdiction argument, the idea that supposedly fraudulent documents were introduced and that that voids the judgment, in addition to the fact that this wasn't preserved as Judge Easterbrook properly identified, that issue was actually presented in the original case. It was part of the record when it came up here to the Seventh Circuit. If that issue precluded a finding of personal jurisdiction, the court could have originally decided that. But the issue is those are documents. They're employment contracts that were submitted by the defendants in support of two separate motions. There was a personal jurisdiction motion that was filed in that original case. There was an alternative Rule 12b-6 motion that was filed. And the documents at issue were employment contracts, and they went to the issue of whether the plaintiff could bring an unjust enrichment claim for purposes of Rule 12b-6. They had nothing to do with where the relevant events occurred or where any of the defendants were residents. So they were really irrelevant to the personal jurisdiction issue. The court below noted the fact that there was a question raised about the authenticity of these documents and said that it did not need to resolve that question for purposes of the personal jurisdiction analysis. Is that it? That's all I have unless you have any further questions. Thank you very much. Thank you. So, Ms. Ferdinand, do you have anything further? Yes. Three points. The first point, the allegations in the complaint, which show that GTCR does have a connection to the case, read as follows. 6-3 is a shell company created in 2009 by GTCR. During Plaintiff's last meeting with David Feirstein, Vice President of Tycom Geomatics, on April 16, 2013, Feirstein informed Plaintiff that all decisions about Tycom were being made by GTCR. Specifically, Feirstein told Plaintiff that an investment group he referred to as the Five Guys, meaning GTCR, were really the ones in charge of both Tycom and 6-3. Thus, Tycom could not offer Plaintiff a share of the proceeds of the sale of Tycom without GTCR's approval. What does that have to do with investor liability under either Illinois or Texas law? It's perfectly common for a subsidiary corporation to make decisions as dictated by a parent, but Illinois does not treat that as a reason for investor liability. Maybe Texas does, but you haven't made any arguments under Texas law. It goes to fraudulent joinder and showing that there is no uncontroverted evidence that GTCR has nothing to do with this case, which is what we're required to, which is the rule under fraudulent joinder. With regard to Poulos, that was an extremely odd procedural posture, and we do not think it's directly on point. In that case, the non-diverse defendant was dismissed at the lower court level prior to removal, and the appellate court ruled that the lower court decision was entitled to full faith and credit. Not on point. And lastly, waiver of the res judicata issue is discretionary, especially when fraudulent documents are involved. Okay. Well, thank you to both the counsel, and the case at court will be in recess. Thank you.